The United States Court of Appeals for the Federal Circuit is now open at any session. I say to the United States, Mr. Honorable Lloyd. Thank you. Please be seated. We have three cases on for argument this afternoon. We will hear the first two cases and then take a 15-minute recess and reconstitute the panel before hearing the third case. The first case for argument today is Gilda Industries v. United States, number 2007. 2007-11-72. OK. It's OK. Well, as long as everyone can hear, then no harm, no fault. 2007-11-72. Mr. Herrick. Good afternoon, Your Honors. Peter Herrick for the appellant, Gilda Industries. When I filed the Notice of Appeal on December 11, which was the last day of the appeal period, through the PCF system, I thought it had, in fact, been filed. I had filed the notice. I had paid the filing fee on pay.gov, and I thought that was the end of it. And the next day, I didn't receive email notifications, so I called up to say, well, it wasn't recorded, and they said it wasn't recorded. And the help desk for the ECF says you cannot refile, but call them first. I called them. They said to refile. So then I filed December 12, and everything went through OK. So then what happened was that, well, since then, let me put it this way. As I was preparing for this oral argument, I noted on the CIT website that they had changed their email notification for deadlines, which would have solved my problem had it been in effect at that time. What they've done is, if there is a deadline, you file ECF, and there's an error, they will give you immediate notification of the error so you can correct it. And that would have solved the perceived problem. So the appeal came up to this court. And actually, the December 12 filing came to this court. And even under your Rule 4, the clerk really could have rejected it, because where an appeal is untimely on this phase, the appeal could be sent back to the CIT. But it was docketed. The court here entered a show-cause order why it should be granted. We filed. The court came back and said, as a practice note, to indicate this court cannot extend the time to file an appeal. Now, just as a matter of fact, in the proceeding that led to the dismissal of that appeal, I noticed that both sides filed papers, correct? At least that's what the order recited. Yes, Your Honor. The government's position was that this court did not have jurisdiction over the appeal? Yes, Your Honor. Right, and that position was accepted by the court. Yes. So this court, in effect, never had jurisdiction over the appeal. Right. According to the government. Right. This court cannot extend the time for the appeal, only the lower court. Okay. Were you arguing that we did have jurisdiction over the appeal? No. What was your position at that point? Not the first appeal. Right, right, I understand. Sure, sure. I'm asking at the time of the first appeal. Did you argue that the appeal was proper? I probably did. I was pointing out what went wrong, but I felt that the court did not have jurisdiction, but I forgot exactly what it said in my papers. Okay. So the court said you can't do it. They put a footnote, but the time for filing still exists in the lower court because since the appeal was untimely, the CIT still had jurisdiction because the way the rule is that even though the time for an appeal expires, if you could show, for example, excusable neglect for the next 30 days, then the lower court can grant an extension of the appeal. So I filed a motion to extend the appeal period. Judge Barzilay came back and said, I've searched all our rules and I don't have jurisdiction, and so I deny your request for the extension of the appeal. So now I file an appeal. That decision is where we are today. And I note Judge Barzilay just came out with another decision, another heartland decision, either number five or number six, came out as a slip of the pen on October 30, quoting this court, wherein the court says, when you would send it back to her, who said, if you have jurisdiction, you can't decline to exercise jurisdiction. And she quoted that in her most recent opinion. And I'm basically arguing the same thing, is that she had jurisdiction because the appeal was untimely. It was not taken out of her hands. She had this 30-day window to consider my motion to extend the time to appeal. She declined to do so. And so I thought that's erroneous. Now, to extend the period, you know, once it's 30 days... You filed your excusable neglect motion with the trial court shortly after the filing of the second notice of... Yes, Your Honor. The December 12th, whatever the date was. Yes. And before this court dismissed the appeal hearing. And in fact, this court, even in its dismissal, had a footnote saying the time to file is still running, so... But you had already filed that, I take it, at that point. So the footnote is... So she declined to exercise jurisdiction. At that point, I was trying to explain the excusable neglect. She declined. She opposed it. She granted the government's motion. And then I filed an appeal, so we're back here. We are today. Now, to me, I think the leading case on excusable neglect is the Cygnus case, I believe, that came out of the Court of Claims and did an analysis of the Supreme Court Pioneer case, the four factors, and came to the conclusion that there was excusable neglect, and this court affirmed the decision of the Rule 36 Should we decide anything on that since the Court of International Trade has not yet decided that issue? Excuse me? Could you repeat that again? Should this court decide anything on whether there's excusable neglect when the Court of International Trade has not yet dealt with the issue? It only dismissed for lack of jurisdiction. Well, I mean, I have asked the court to basically consider the excusable neglect argument, and actually, if possible, to send it back to the CIT with an order or an instruction to grant the extension so we can get the original appeal back up here, where I think it belongs at this point. And I would note that if Cygnus is the precedent for this circuit, that in the government's briefing, they never addressed that case. They felt they had to go to other circuits. Well, but to follow up on Judge Archer's question, I mean, before us right now, really the critical issue is the question of whether Judge Barsley had jurisdiction even to address the question, and so the question raised in Cygnus, as I understand that case, is one that we would reach only if at all, and a serious question, if at all, but only after reaching the jurisdictional question, right? Yes, that's correct. So it maybe isn't so surprising that the government would have focused on the jurisdictional question as opposed to the merits of the excusable neglect issue. Although, I mean, we both addressed excusable neglect in the briefs that we filed in this action we have here, but yes, it would seem to make sense that since she declined to exercise jurisdiction, that it would go back to her to say, you know, you do have jurisdiction. You cannot decline to exercise your jurisdiction. Now consider the excusable neglect arguments and see where that leads us. So your position on jurisdiction, I gather, is that this court never had jurisdiction by virtue of an untimely notice of appeal. Hence, jurisdiction never moved in this sort of metaphysical way that it does from the trial court to the court of appeals upon the filing of this untimely notice of appeal. Correct. And so as I said, so at this point, what we've asked this court to do, as you just mentioned, is send it back to Judge Bosley indicating you have jurisdiction. You cannot decline jurisdiction. It's not an option. Please consider whatever arguments counsel wants to make excusable neglect, and then we'll go from there and see where that leads us. OK. You want to save the rest of your time for a rebuttal? Or did you want to save the rest of your time for a rebuttal? Or did you have more that you wanted to? I didn't want to cut you off, but it looked like you had come to it. That's what I came to. Very well. Thank you. Ms. Uwesi-Mentel? May it please the court. The decision of the trial court in this case should be affirmed. The trial court properly determined that it did not possess jurisdiction to entertain Gilda's motion to extend time to file the appeal. Let me ask you this question just at the outset. I mean, the thing that I am most troubled by is that I'm not sure who in the government view did have jurisdiction over the case on December, let's say, 13th. The government argued that this court didn't have jurisdiction and hence obtained a dismissal of the appeal. But it's now arguing that the trial court also didn't have jurisdiction. Who did? Let me just clarify the government's position on that. This court did have jurisdiction over the matter on December 13th to determine whether or not it had jurisdiction over the merits. Right, but we always have jurisdiction to determine whether we have jurisdiction. But that's different from saying we have jurisdiction over the appeal in the sense that, as we ultimately determined, we didn't. We didn't have jurisdiction to decide the merits of the appeal. It seems to me difficult to say that this court at the same time didn't have jurisdiction over the merits of the appeal, but that at the same time, the trial court also lacked jurisdiction. Well, the principles of Griggs, as we cite to Griggs in our papers, and Griggs sets forth two principles which we believe govern this case. First, that no two courts should have simultaneous jurisdiction over a case. And secondly, that the notice of appeal is what has jurisdictional significance. And that's what divests the trial court of jurisdiction. Yeah, but you're arguing that neither court has jurisdiction. No. That neither the court below nor this court. No, this court had jurisdiction in order to determine whether or not it had jurisdiction. And while during the time It had jurisdiction over a late filed notice? Yes. So no matter how frivolous the appeal, the district court can never act once an appeal has been filed. Yes, because it's this court's responsibility to determine its own jurisdiction. And by filing a notice of appeal, the purported I believe has sought this court's jurisdiction over the matter. So if I want a continuance of an action in a district court, and I apply for it to the district court, but the district court denies it, then I file a notice of appeal from the continuance denial, which is clearly not appealable, but I file the notice anyway. And I get my continuance, because by virtue of my filing that pleading, the district court lacks jurisdiction to proceed, say, with the trial. Is that your position? I'm not sure that I understand the question. Well, let me try it again. The following hypothetical. You're getting ready for a trial, and you're in deep trouble because you need about a week to prepare, to finish your preparation for a trial. So you file for a continuance with the district judge. District judge says, no, we're going to trial tomorrow. You say, what am I going to do? And so you file a notice of appeal, the denial of the continuance motion, with the court of appeals. And by virtue of your position, as I understand it, which is any notice of appeal, no matter how frivolous or how much it is taken from a non-appealable order, any defect in the notice deprives the trial court of jurisdiction to proceed in the case. Therefore, you get your continuance, because the trial court hasn't got jurisdiction until the court of appeals gets around to dismissing the appeal. And that doesn't strike me as being a very good rule. Would you say the answer to that question is, yes, that's just too bad, or what? No, because the question in this case is whether it has to do with the timing of it. The hypothetical that you pose, there clearly is no appealable order, it appears, or judgment. And that's a different question. In this case, clearly this court has the jurisdiction to determine whether or not it has jurisdiction in a case. And for this reason, this court's practice is often to issue these orders to show cause, as it does to determine even if, as in this case, the notice of appeal was clearly untimely, this court still issues an order to show cause. Of course, we would do the same thing in the case of an appeal from a non-appealable order, such as my continuance denial. We would issue an order to show cause as to why the appeal shouldn't be dismissed, and there would be a proceeding, and it presumably would be dismissed at the end of that proceeding. Why do you think the Ruby case in the Ninth Circuit and the Rucker case in the Sixth Circuit are wrongly decided? They say that if it's a defecting notice of appeal, that the trial court doesn't lose jurisdiction. We believe those are wrongly... I don't remember those cases in particular. However, an untimely notice of appeal still divests the trial court of jurisdiction because of the fact that only one court can have jurisdiction, and it's this court's responsibility to determine its own jurisdiction. Those are the principles that we draw from Griggs. And the practice of the courts of appeal to remand these matters to the trial courts is consistent with that, as is this court's practice to issue orders to show cause in these matters. And were this court to determine that an untimely notice of appeal does not divest the trial court of jurisdiction, then we are left in a contradictory situation. And Griggs actually deals with a similar situation and makes it clear that these two principles apply, except for where the rules specify otherwise. Would you agree now at this stage that this case should be remanded to the court now, to the Court of International Trade, to decide the untimely notice issue? No, it should not, because the Court of International Trade did not have jurisdiction over the matter at the time that GILDA filed its motion to extend time to buy a notice of appeal. Would it now, if it were remanded? Excuse me? Would it now have jurisdiction if the case were now remanded? If the court determined that it should have had jurisdiction at the time? Yes. If the court determined now that the Court of International Trade improperly decided at the time that it did not have subject matter jurisdiction, then certainly it would now have that jurisdiction. However, if the court was... In other words, you're saying that the appellant really has no remedy here, because it didn't have jurisdiction at the time back in December, and it's too late now to remand it back to the court. Well, perhaps the appellant has no remedy now, but at the time, had GILDA merely filed its motion to extend time to file a notice of appeal prior to filing the notice of appeal, then we would be in a different procedural posture. Well, you say prior to filing the notice of appeal. I assume your position is that GILDA would have had to wait until the trial court actually entered an order on that motion before filing a notice of appeal, because had the notice of appeal been filed at some point after the filing of the excusable neglect motion, but before the ruling on that motion, then, poof, jurisdiction would have vanished from the trial court, correct? Certainly. There are an awful lot of cases that say when there's a notice of appeal that's filed that's improper because it's untimely or for whatever reason, that that doesn't affect the district court of jurisdiction. The only case that you found that comes out the other way is this Eleventh Circuit case, and in that case, the notice of the district court's action was untimely in any event. I mean, there are like a dozen cases that say that an untimely notice of appeal doesn't affect the district court of jurisdiction. Are you familiar with those cases? I am familiar with the cases that were cited by GILDA in its brief. The two cases in particular are the Levine case as well as the Marks case. Well, there are lots of other cases. In fact, I think Moore's treatise has a major heading in which it says, I'm quoting, untimely or substantively deficient notice of appeal does not deprive district court of jurisdiction. So I took that to be hornbook law. You think that Moore is wrong on that as well as all the cases cited, and Judge Archer cited two of them. You think that the government's position is that Moore's just got it wrong? Yes, because these two principles of Griggs, we believe, are overriding, and therefore, to decide the case in the contrary manner, we do not think that reasoning is persuasive of those other cases, given that the notice of appeal has this jurisdictional significance, and given that this court must decide its own jurisdiction. And to decide the cases the other way puts the district court in the position of determining this court's jurisdiction, which is inappropriate. And, for instance, where there might be a factual dispute about when the notice of appeal was received, where there might be a dispute about what is the appropriate deadline to apply, because it's not clear whether the other party is the United States or not, the district court would be in the situation of determining this court's jurisdiction, and we believe that is improper, because it is this court which should decide its jurisdiction. And while this court is deciding its jurisdiction, the trial court should not have jurisdiction over the matter. Well, Morris doesn't really indicate that on untimely filed appeal. That's pretty cut and dried on the timeliness of appeal. They do say if there are other types of defects, or if it's a frivolous appeal, then a district court really takes its chance on deciding whether or not it has jurisdiction in those cases. That the court of appeals may say otherwise. But on timeliness, they pretty much say it's pretty cut and dried matter that jurisdiction doesn't transfer. And given that the rule does not specify whether jurisdiction transfers or not, but Griggs sets forth the blanket underlying rule, and we believe the reasoning is more persuasive that jurisdiction does transfer, because this court must decide its own jurisdiction. And while it's doing so, the trial court must be divested of jurisdiction to determine that. I would also like to address briefly one of the cases that was cited by Gilda in its briefs, the Cygnus case. I believe in Gilda's briefs, they indicated that this court had already determined this question. And I would just like to clarify for the court that this particular question was never before the court of appeals in the Cygnus matter. The appellate citation that was given in Gilda's brief refers to affirmance of the trial court's decision on the merits. Although we can see that it appears that in that case, the court of federal claims did go ahead and rule on the motion to extend time, even though a notice of appeal had been filed. We just wanted to make it clear that this court never had an opportunity to opine on that issue and did not determine that that was appropriate. Do you agree that if the district court had jurisdiction, that there is excusable neglect here? No, we do not. Why is that? The most important factor to look at, of the four pioneer factors, the most important factor from the case law is fault. And we certainly concede that the other three factors are not present here. However, fault clearly lies with Gilda in this matter, that it is incumbent upon counsel to understand the procedures for e-filing and to carry them out properly. And the case law is clear that misunderstanding of the rules or ignorance of the rules or a mistake in understanding the rules or interpreting the rules does not constitute excusable neglect. Seems to me this falls more in the category of perhaps someone who isn't conversant with the website system of signing off. I mean, you're a lot younger than the three of us and are probably much more comfortable navigating your way around websites and so forth. But if I understand what happened here is that Mr. Hedrick or someone on his behalf went into the website, did everything they needed to do to indicate an intention to appeal, and all they left off was the last page to click the box that said confirmed or something like that. That's sort of a second layer of confirming that you intend to do. I've certainly done that myself. And it's just something that those of us who may not be as comfortable with website e-filings or e-actions of any sort, it seems to me could easily fall afoul of. I'm hard-pressed to think of this as the kind of neglect that would be characterized by, for example, someone who simply lets his docketing calendar go and wakes up three weeks later and says, oh gosh, yeah, I guess I should have filed a notice of appeal in that case. Seems like an entirely different animal. Well, first of all, I should just preface this by saying that if this Court determines that the Court of International Trade had jurisdiction over the matter at the time, this Court should remand to that Court to determine whether or not there's excusable neglect. As opposed to deciding it outright. Yes, because this Court cannot make that factual finding. However... If someone put the wrong postage, sent in a notice of appeal by mail and put the wrong postage on and the letter got sent back instead of reaching the district court, would that be excusable neglect? No, it would not be excusable neglect because counsel is responsible for determining how to send something in the mail... Yeah, but that sounds as though there's never excusable neglect. Because the whole concept of excusable neglect is that there was a neglect. What would be an example of excusable neglect under your view? Well, certainly the case law discusses situations such as, for instance, the issue in the Pioneer case had to do with determining the bar date for filing proofs of claim in a bankruptcy action. And the Court found that it was excusable neglect for the counsel to not file it on time because the bar date was in a confusing notice. And the Court found that that was appropriate. There's also another case, even in the Cygnus matter that Gilda cites too, they refer to a transcription error on the part of counsel combined with a docketing error by the Court. In this matter, although I understand the Court's concern about the e-filing procedures, the Court of International Trade has made it very clear that how the e-filing procedures work and requires counsel to go through training to comport with the procedures. And therefore, they're incorporating the rules by administrative order. Therefore, counsel should know how to operate the system and is required to do so. In fact, the administrative order states clearly that the filing is not complete until confirmation is received. And no confirmation was received. Okay. Very well. I think we have your case. Mr. Herrick, you have about six minutes. Your Honor, I'll be further unless you have some questions that you want to ask. Thank you, and we thank both counsels. The case is submitted. Thank you.